Jasen, J. (dissenting).
I would affirm the order of the Appellate Division. The defendant, at times accompanied by friends, voluntarily initiated contact with the Department of Internal Affairs of the New York City Police Department and the Civilian Complaint Review Board and, equally voluntarily, submitted to interviews at the offices of these nonprosecutorial agencies. In my view, there is absolutely no impediment to the admission of the interviews in evidence at any trial to be had in this case. The defendant was not in custody. He appeared at the offices, not at any station house, in an effort to prosecute his claim against the police. The police did not compel him to report to their station house in furtherance of their prosecution against him. The defendant was free to come and go as he pleased; in fact, after giving both interviews he was permitted to leave the premises without arrest. He was not deprived of his freedom in any way, significant or insignificant.
Since the defendant was not in custody, it was not incumbent upon the police to administer preinterrogation warnings. (Miranda v Arizona, 384 US 436.) By granting interviews outside of custody without counsel, defendant waived his right to counsel. The rule of People v Hobson (39 NY2d 479), to which the majority alludes, provides only that a defendant in custody may not waive his right to counsel outside of the presence of counsel. However, this defendant was not in custody. (Compare People v Townes, 41 NY2d 97, 105 [concurring opn].) Hence, defendant was free to waive his right to counsel voluntarily out of the presence of counsel. I submit that the defendant, by making charges against the arresting police officers, repeatedly contacting police disciplinary officials, voluntarily reporting at their offices and granting interviews to them, waived his right to have his assigned counsel present at the interviews. Moreover, there is no claim nor is there any proof in this case that defendant would have been precluded from having counsel present if he had so desired.
As a matter of public policy, I do not believe that a defendant not in custody should be permitted in a pending criminal case to file accusations of police misconduct and yet not be *111 held accountable, in court, for what he voluntarily admits. In the case of the honest complainant, statements made to police disciplinary investigators could hardly be damaging to the defense of criminal charges and the complainant would, naturally, co-operate with legitimate self-policing by the police. More difficulty is presented with the guilty complainant whose claim of police misconduct either lacks merit or arose after a legitimate police transaction. In the latter situation, the guilty party may, of course, have his rights vindicated, notwithstanding his own guilt. However, co-operation with an investigation designed to vindicate those rights would be expected and its absence would be damning. As for the case of the meritless complaint, both common sense and public policy should be set against permitting defendants to make accusations, often wild, against police officers, thereby impugning the integrity of the individual officers involved and the reputation of the police force as a whole. One important safeguard against the making of these kinds of idle charges is the knowledge that the charges and statements made in their support would be matters of public record, admissible in court where the false accuser has become the accused. The majority strips away that important safeguard and exposes the police to false charges and perjurious accusations for which the truly guilty are not to be held accountable. Irresponsible accusations may be made with impunity, since supporting statements are inadmissible in court, and I cannot see how this furthers the public interest in an honest police force and in the diligent administration of justice.
Therefore, I dissent.
Chief Judge Breitel and Judges Gabrielli, Jones, Fuchs-berg and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, plea vacated, statements before the Internal Affairs Division and the Civilian Complaint Review Board suppressed, the case restored to its prepleading status, and the case remitted to Supreme Court, New York County, for further proceedings on the indictment.